O'Shaughnessy v Sanchez (2018 NY Slip Op 05852)





O'Shaughnessy v Sanchez


2018 NY Slip Op 05852


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-07950
 (Index No. 67992/14)

[*1]Anna Marie O'Shaughnessy, et al., appellants,
v
Domanick Sanchez, et al., respondents.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated July 12, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Anna Marie O'Shaughnessy did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiffs' cross motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
On January 21, 2013, the plaintiff Anna Marie O'Shaughnessy and the defendant Domanick Sanchez were involved in a motor vehicle collision at the intersection of Deer Park Avenue and Cooper Street, in North Babylon. Domanick Sanchez's vehicle was owned by the defendants Steven Sanchez and the North Babylon Volunteer Fire Company, Inc. Anna Marie O'Shaughnessy and her husband, Robert O'Shaughnessy, suing derivatively, commenced this action against the defendants, and the defendants moved for summary judgment dismissing the complaint on the ground that Anna Marie did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The plaintiffs cross-moved for summary judgment on the issue of liability. In the order appealed from, the Supreme Court granted the defendants' motion and denied, as academic, the plaintiffs' cross motion.
The Supreme Court should not have granted the defendants' motion for summary judgment dismissing the complaint on the ground that Anna Marie did not sustain a serious injury. The defendants failed to meet their prima facie burden of showing that Anna Marie did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to adequately address the plaintiffs' claims, set forth in the bills of particulars, that Anna Marie sustained a serious injury to her left shoulder under either the [*2]permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we remit the matter to the Supreme Court, Suffolk County, to determine, on the merits, the plaintiffs' cross motion for summary judgment on the issue of liability (see Alvarez v Dematas, 65 AD3d 598).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court